a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CARLOS RODRIGUEZ-LOPEZ #A201-216-186,
Petitioner

CIVIL DOCKET NO. 1:25-CV-01675
SEC P

VERSUS

JUDGE TERRY A. DOUGHTY

MELLISSA HARPER ET AL,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Carlos Rodriguez-Lopez ("Rodriguez-Lopez"), an immigration detainee who was detained at Winn Correctional Center in Winnfield, Louisiana at the time of filing.[1]

Because additional information is needed to determine whether Rodriguez-Lopez's continued detention is unlawful, the parties must supplement the Response and Reply.

I.    Background

Rodriguez-Lopez is a native and citizen of Cuba who entered the United States in 2013.  He was issued a Notice to Appear ("NTA") and released on his own recognizance.  ECF No. 32-1 at 1.

---

[1] Rodriguez-Lopez is now detained at the Adams County Correctional Center in Natchez, Mississippi.  *See* https://locator.ice.gov/odls/#/details

1

Rodriguez-Lopez was encountered in 2019 pursuant to the Enforcement and Removal Operations ("ERO") Criminal Alien Program after having been arrested for driving with a suspended license. *Id.* at 2. ERO determined that the 2013 NTA had never been filed with the Executive Office for Immigration Review, so Rodriguez-Lopez was issued a new NTA on October 11, 2019. *Id.*

On December 23, 2019, Rodriguez-Lopez was ordered removed to Cuba. *Id.* On January 7, 2020, ICE determined that there was no significant likelihood of Rodriguez-Lopez's removal to Cuba. Rodriguez-Lopez was released on an Order of Supervision. *Id.*

ERO encountered Rodriguez-Lopez on April 25, 2025, after he was arrested for theft, and he was re-detained. *Id.*

On May 13, 2025, ERO Headquarters advised that there was no significant likelihood of Rodriguez-Lopez's removal to Cuba in the foreseeable future, and removal to Mexico should be solicited. *Id.* at 3.

On May 28, 2025, Rodriguez-Lopez was served with a Notice of Third Country Removal. *Id.* at 4. On June 30, 2025, Third Country Clearance Inquiries were sent. *Id.*

On July 7, 2025, Rodriguez-Lopez's removal packet was forwarded for scheduling his removal to Mexico, but on July 10, 2025, Mexico paused third country removals. *Id.* at 4.

On August 7, 2025, a request for a case-by-case nomination for removal to Cuba was submitted. *Id.* The Government of Cuba did not accept Rodriguez-Lopez for repatriation, so ERO was advised to pursue removal to Mexico. *Id.*

On November 13, 2025, Rodriguez-Lopez was served with a Notice of Removal to Mexico. ECF No. 32-1 at 16. On November 20, 2025, a medical summary was received for third country removal, and a request was submitted to the Port Isabel Detention Center. *Id.* Follow-up emails were sent on December 2, 5, and 19, 2025. *Id.*

On February 10, 2026, Rodriguez-Lopez was transferred to the Florence Correctional Center for removal. *Id.* at 5.

## II.    Law and Analysis

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court explained that "[w]hen an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Id.* at 682. Detention may extend beyond ninety days, but the Court "limit[ed] an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. [8 U.S.C. § 1231] does not permit indefinite detention." *Id.* at 689.

However, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents

necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

A petitioner cannot show there is no significant likelihood of removal in the reasonably foreseeable future when he is impeding his removal. *See Gonzalez v. Gills*, 2022 WL 1056099, at *1 (5th Cir. 2022) (unpub.).

Although the Declaration states that Rodriguez-Lopez's "third country removal will be executed from the Florence Correctional Center" (ECF No 32-1 at 5) Rodriguez-Lopez was transferred out of that facility and has yet to be deported. *Id.*

The Government concludes, without explanation, that Rodriguez-Lopez "deliberately was unwilling to assist in his removal to Mexico." ECF No. 32 at 15. But the Declaration provides no factual details describing any deliberate conduct that delayed Rodriguez-Lopez's removal. For example, there is no assertion that he refused to board a plane, physically resisted removal, refused to sign travel documents, refused to provide information, or somehow disrupted transport.

Rodriguez-Lopez's Reply states that he is an essential eyewitness in a murder case set for trial on July 27, 2026, and that the State Attorney's Office is willing to assist with an S-visa application because of his cooperation. ECF No. 61 at 7; 61-1 at 1. The Reply does not address the Government's assertion that he failed to comply with removal to Mexico.

### III.    Conclusion

To determine whether Rodriguez-Lopez has thwarted his removal, IT IS ORDERED that, within 14 days, ICE supplement its Declaration to state: (1) why

Rodriguez-Lopez's removal was not executed from the Florence Correctional Center as stated in the Declaration (ECF No. 32-1 at 5); (2) whether Mexico agreed to accept Rodriguez-Lopez; and (3) detailed facts describing the conduct that constitutes Rodriguez-Lopez's reported unwillingness to assist in his removal (ECF No. 32 at 15; 32-1 at 5). Rodriguez-Lopez shall have seven days within which to reply. Rodriguez-Lopez should also provide an update as to whether an S-visa has been filed, and what effect that has on his removability.

SIGNED on Tuesday, June 23, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE