**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **CARLOS RODRIGUEZ-LOPEZ #A201-216-186** | **CASE NO. 1:25-CV-01675 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MELLISSA HARPER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**JUDGMENT**

Before the Court is a Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] and an Emergency Motion for Immediate Return [Doc. No. 67] filed by Petitioner Carlos Rodriguez-Lopez ("Petitioner"). A Response to the Habeas Petition [Doc. No. 32] was filed by Respondents, Mellissa Harper, Todd M. Lyons, and Kristi Noem (collectively "Respondents"). Respondents also filed an Opposition [Doc. No. 71] to the Emergency Motion for Immediate Return. Petitioner filed a Reply [Doc. No. 61] to the Response to the Habeas Petition and a Reply to the Opposition for Immediate Return [Doc. No. 72].

Petitioner is a native and citizen of Cuba subject to a final order of removal entered on December 23, 2019.[1] Petitioner was detained by United States Immigration and Customs Enforcement ("ICE"), which pursued his removal to a third country because Cuba refused his repatriation.[2] On November 3, 2025, Petitioner filed a the Habeas Petition pursuant to 28 U.S.C. § 2241.[3]

---

[1] [Doc. No. 71-1, ¶¶ 2–3].
[2] [Doc. No. 32-1, ¶¶ 16, 31, 37].
[3] [Doc. No. 1].

On August 19, 2026, ICE's Enforcement and Removal Operations ("ERO") removed Petitioner from the Alexandria Staging Facility.[4] Petitioner states that he was first transported to Liberia, where he refused to deplane and Liberian authorities declined to accept him.[5] Petitioner was then removed to Malabo, Equatorial Guinea.[6]

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

An alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*,

---

[4] [Doc. No. 71-1, ¶ 4].
[5] [Doc. No. 67, ¶¶ 3–4].
[6] [Id. ¶ 5].

3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that the Petition for the Writ of Habeas Corpus [Doc. No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Immediate Return [Doc. No. 67] is **DENIED**.

MONROE, LOUISIANA, this 7th day of October, 2026.

Terry A. Doughty
United States District Judge